In the Matter of FRANK E. FRITZ, Respondent, v ADELE LEONARD, as Executive Director of the Nassau County Civil Service Commission, et al., Appellants.

The Nassau County Civil Service Commission determined that the petitioner was medically unqualified for appointment as a Nassau County Police Officer because he had undergone surgery, characterized by the petitioner's doctors as a lumbar laminectomy, to correct a painful lower back condition.

In the instant proceeding the petitioner argued, and the Supreme Court, Nassau County, agreed, that this determination was arbitrary and capricious. The instant appeal ensued. We disagree with the petitioner's argument.

The spinal operation performed on the petitioner constitutes a ground for medical disqualification pursuant to item 51 of section XIV of the Medical Requirements for a Nassau County Police Officer. In addition, the Chief Surgeon of the Nassau County Police Department reviewed all of the relevant medical evidence concerning the petitioner's condition and recommended that the petitioner be medically disqualified. Under these circumstances, it cannot be said that the Nassau County Civil Service Commission's determination was arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Cassidy v Nassau County Civ. Serv.

*Commn.,* 45 NY2d 727). Accordingly, the order appealed from must be reversed and the determination of the Nassau County Civil Service Commission reinstated.

In view of our determination, we need not address the remaining argument raised on the instant appeal by the County Attorney of Nassau County. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.